# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY D. ROBERTSON, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 13cv2425-GPC(RBB)<br><br>**NOTICE OF TENTATIVE RULING ON DEFENDANT'S MOTION TO DISMISS, AND MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's motion to dismiss and motion for summary judgment. (Dkt. No. 27.) A hearing is set for May 15, 2015. After a review of the briefs, supporting documentation and the applicable law, the Court issues the following tentative rulings in advance of Friday's hearing.

Plaintiff filed an amended complaint alleging negligence against Defendant under the Federal Tort Claims Act ("FTCA"). Defendant moves to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the failure to maintain the wire fence along Bear Valley Road ("BVR") located in the Cleveland National Forest falls under the discretionary function exception to the FTCA. Defendant also moves for summary

judgment arguing that California's recreational use immunity bars Plaintiff's claims.[1] Plaintiff opposes.

## Discussion

The Court tentatively DENIES Defendant's motion to dismiss based on the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). While Defendant has demonstrated the first factor, that Defendant's decision with respect to the maintenance of BVR involves an "element of judgment or choice," it has failed to demonstrate the second factor, that the government's decision was based on policy decisions grounded in economic, social or political policy. Since the government did not consider the wire fence on BVR as part of its maintenance decision, it cannot be said to have engaged in any policy considerations concerning the wire fence. Therefore, maintenance of the wire fence on BVR falls outside the purview of the discretionary function exception.

The Court tentatively GRANTS Defendant's motion for summary judgment based on California's recreational use immunity pursuant to California Civil Code section 846. Plaintiff's allegation, without evidentiary support, that the forestry workers somehow clipped a section of wire fencing at or near the scene of Plaintiff's accident and somehow caused the rolled wire fence to end up in the middle of BVR is speculation and is not "specific," "substantial" or "significantly probative." See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1029 (9th Cir. 2006) (while circumstantial evidence may be used to create a genuine issue of material fact, the evidence must be "specific" and "substantial"); Anderson, 477 U.S. at 249-50 (a motion for summary judgment may be granted if the evidence is "merely colorable" or "is not significantly probative.").

In addition, Plaintiff has not demonstrated a genuine issue of fact that the government had actual or constructive knowledge of the dangers of the wire fence, had

---

[1] Defendant also moves for summary judgment arguing that Plaintiff has failed to demonstrate causation. Since the Court tentatively rules that Defendant's motion for summary judgment should be granted, it will not address the causation argument.

actual or constructive knowledge that injury is probable, and consciously failed to act to avoid the peril. See Termini v. United States, 963 F.2d 1264, 1267 (9th Cir. 1992)

Counsel are advised that the Court's rulings are tentative and the Court will entertain additional arguments at the hearing on **May 15, 2015 at 1:30 p.m.** in Courtroom 2D.

IT IS SO ORDERED.

DATED:  May 14, 2015

HON. GONZALO P. CURIEL
United States District Judge